**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SIDNEY EUGENE BRYANT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 07-CV-426-JHP-FHM |
| ) | |
| **DAVID PARKER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

Before the Court for consideration is Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. # 1). Petitioner is a state inmate and appears *pro se*. He identifies twelve (12) claims in his petition. Respondent filed a response (Dkt. # 5), a redacted response (Dkt. # 6), and provided the state court records (Dkt. # 8) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds Petitioner's claims 1, 2, 3, 4, 11, and 12 are time barred and claims 5, 6, 7, 8, 9, and 10 lack merit. Therefore, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

Petitioner was convicted on his pleas of guilty of Assault With a Deadly Weapon (Count 1), Public Intoxication (misdemeanor) (Count 2), and Malicious Injury to Property (misdemeanor) (Count 3), in Osage County District Court, Case No. CF-2001-235. On October 12, 2001, he received a five (5) year suspended sentence on Count 1, and was assessed fines and costs on the two misdemeanor counts. He did not move to withdraw his guilty pleas nor did he perfect a *certiorari* appeal.

On October 29, 2004, Petitioner pled guilty to Driving While License is Revoked (Count 1), Attempting to Elude a Police Officer (Count 2), and Improper Tag (Count 3), in Osage County

District Court, Case No. CM-2003-481. On October 29, 2004, the trial court judge sentenced Petitioner to fines of $500 on Count 1, $500 on Count 2, and $100 on Count 3. Again, he did not move to withdraw his guilty pleas nor did he perfect a *certiorari* appeal.

On November 18, 2005, the state district court found Petitioner had violated the Rules and Conditions of Probation and revoked his suspended sentence entered in CF-2001-235. As a result, he was sentenced to five (5) years in custody of the Oklahoma Department of Corrections. Petitioner's convictions entered in CM-2003-481 provided the basis for the revocation of his suspended sentence.

Petitioner filed a revocation appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney James L. Hankins, he raised five (5) propositions of error as follows:

> Proposition 1: Mr. Bryant was denied his fundamental right to a hearing presided over by a neutral and detached magistrate in violation of the Oklahoma Constitution, Article II, Sections 6 & 7, and the Fourteenth Amendment to the United States Constitution.
>
> Proposition 2: The State violated the "20-day" rule governing revocation hearings under 22 O.S. § 991b(A); as a result, the district court was without jurisdiction to revoke the suspended sentence in this case in violation of Oklahoma statutes and Bryant's right to due process of law under the Oklahoma Constitution, Article II, § 7, and the Fourteenth Amendment to the United States Constitution.
>
> Proposition 3: Bryant received ineffective assistance of counsel and a fundamentally unfair revocation hearing when counsel completely abandoned his role as advocate in the case and in fact succeeded only in strengthening the State's case against Bryant in violation of Bryant's rights under the Oklahoma Constitution, Article II, Sections 7 & 20, and the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Proposition 4: The trial court abused its discretion in revoking Bryant's sentence *in full* under the facts and circumstances of this case; and such revocation in full is excessive.

2

> Proposition 5: The cumulative effect of the errors at the revocation hearing violated Bryant's right to a fundamentally fair hearing in violation of Article II, § 7 of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution.

(Dkt. # 5, Ex. 1). By order filed November 14, 2006, in Case No. RE-2005-1165, the OCCA denied relief. See Dkt. # 5, Ex. 4.

On December 29, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 6, Ex. 5. He identified twelve (12) grounds of error. Grounds 5, 6, 7, 8, and 9 were identical to the five (5) grounds raised on revocation appeal. In grounds 1-4 and 10-12, Petitioner claimed the following:

1. Petitioner/Defendant's plea of guilty in CF-2001-235 was not knowingly, nor intelligently entered as neither the court, nor defense counsel informed the Petitioner/Defendant that said charge was included in 21 O.S. § 13.1 requiring a sentence of (85%) eighty five percent day for day before becoming eligible for discharge or parole.

2. Petitioner/Defendant's plea of guilty was induced by the fraud upon the court by Assistance District Attorney John Boggs, Jr. and Public Defender Glenn Davis in that both were aware the Petitioner/Defendant had three prior felony convictions making him ineligible for a suspended sentence per 22 O.S. § 991A.

3. Petitioner/Defendant requests that an appeal out of time through no fault of his own be granted in both CM-2003-481 and CF-2001-235 as confusion was created by defense counsel Glenn Davis allowing substitute counsel Rod Ramsey allowing another substitute counsel Marty Meason to represent Petitioner/Defendant herein.

4. Petitioner is factually innocent of the Charge of Assault With a Deadly Weapon.

* * * *

10. Petitioner/Defendant received ineffective assistance of appellant [sic] counsel in that he did not raise the issues in this application for post-conviction relief.

11. Petitioner had two structural errors in these proceedings infecting the very framework of the convictions had in CF-2001-235 and CM-2003-481; the prejudicial and bias adjudication by Special Judge John Boggs, Jr., and the denial of counsel of choice by the substitution of two other counsel.

3

> 12. Petitioner/Defendant's cumulative errors amount to the denial of a fair and impartial proceedings at both the District Court and the Court of Criminal Appeals denying due process.

(Dkt. # 6, Ex. 5). By order filed March 30, 2007, see Dkt. # 5, Ex. 7, attached order, the state district court denied post-conviction relief. Petitioner appealed to the OCCA. By order filed July 11, 2007, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 5, Ex. 8.

On August 3, 2007, Petitioner filed his federal habeas corpus petition (Dkt. # 1). In his petition, Petitioner identifies twelve (12) grounds of error. Grounds 1-4 and 10-12 are identical to the new claims Petitioner raised in his state application for post-conviction relief. Grounds 5-9 are identical to the claims raised by Petitioner in his revocation appeal. See Dkt. # 1. In response to the petition, Respondent contends that grounds 1, 3, 4, part of ground 11, and 12 of the petition are time barred. See Dkt. # 5. Respondent also argues that Petitioner is not entitled to habeas corpus relief on grounds 5-10, and that ground 2 is procedurally barred. See Dkt. # 5.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 5, ¶ 5, and the Court agrees that the exhaustion requirement has been satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Petitioner is not entitled to habeas corpus relief**

*1. Claims 1, 2, 3, 4, and 11 are time-barred*

4

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The claims raised by Petitioner in his application for post-conviction relief challenge the validity of the convictions entered in Osage County District Court, Case Nos. CF-2001-235 and CM-2003-481. The limitations period for those claims runs from the date on which Petitioner's judgments "became final by the conclusion of direct review or the expiration of the time for seeking such review," or the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(A), (D). In response to the petition, Respondent asserts that the limitations period began to run on Petitioner's claims challenging his conviction in CF-2001-235 when that conviction became final after he was sentenced on October 12, 2001.

After careful review of Petitioner's claims and the record provided by the parties, the Court finds that habeas corpus review of Petitioner's claims numbered 1, 2, 3, 4, and 11, as identified in the petition, is barred by the statute of limitations. Each of the claims accrued when his convictions became final. For purposes of § 2244(d)(1)(A), because Petitioner failed to file motions to withdraw his guilty pleas in both Case Nos. CF-2001-235 and CM-2003-4481, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on October 22, 2001, and November 8, 2004, respectively. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, began to run on those dates, and, absent a tolling event, a federal petition for writ of habeas corpus filed after October 22, 2002, for claims challenging CF-2001-235, and after November 8, 2005, for claims challenging CM-2003-4481, would be untimely. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Petitioner did not seek post-conviction relief until December 29, 2006, or more than four (4) years after expiration of the one year period applicable to the convictions entered in CF-2001-235, and more than one (1) year after expiration of the one-year period applicable to the convictions entered in CM-2003-481. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the one-year periods. In addition, nothing in the

6

record suggests Petitioner is entitled to equitable tolling. Therefore, Petitioner's claims numbered 1, 2, 3, 4, and 11, as identified in the petition, are barred by the statute of limitations.

In ground 10, Petitioner alleges that his revocation appeal counsel provided ineffective assistance when he failed to challenge the validity of his guilty pleas entered in Case No. CF-2001-235 in the revocation appeal. Under § 2244(d)(1)(D), that claim arose, at the latest, when the OCCA denied the revocation appeal on November 14, 2006. Petitioner filed his habeas petition on August 3, 2007, or within one year of the revocation appeal ruling. Therefore, ground 10 is not time-barred and shall be addressed below.

Similarly, the Court finds that claim number 12 as raised in the petition arises from state court post-conviction rulings. For that claim, pursuant to § 2244(d)(1)(D), Petitioner's one year limitations period began to run on July 11, 2007, when the OCCA affirmed the denial of post-conviction relief. Petitioner had until July 11, 2008, to file a timely federal petition for writ of habeas corpus challenging the state courts' actions in denying post-conviction relief. Because Petitioner filed his petition on August 3, 2007, the claim identified in ground 12 is timely. Accordingly, ground 12 shall be addressed below.

### *2. Petitioner's grounds 5-9, 10 and 12 lack merit*

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28

7

U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 402 (2000); <u>Neill v. Gibson</u>, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated the Petitioner's claims 5-9 on revocation appeal and ground 10 on post-conviction appeal. Accordingly, in order to prevail on those claims, Petitioner must satisfy the § 2254(d) standard. Ground 12 shall be denied on the merits. 28 U.S.C. § 2254(b).

### a. Denial of neutral and detached decision maker (ground 5)

As his fifth proposition of error, Petitioner alleges that he was denied a neutral and detached magistrate at his revocation hearing in violation of his right to due process. Petitioner raised this claim on revocation appeal where he argued that the presumption of impartiality was rebutted because (1) the judge who revoked his suspended sentence, the Hon. John S. Boggs, Jr., was the prosecutor when he entered his guilty pleas in Case No. CF-2001-235, (2) pending felony charges that were not alleged as the basis for revocation were considered by the judge, (3) the judge expressed displeasure at Petitioner's refusal of plea deals offered in the pending cases, and (4) the judge revoked the suspended sentence in full on the basis of misdemeanor offenses. In rejecting this claim, the OCCA determined that Petitioner had waived the claim by failing to follow the proper state procedures and "never challeng[ing] Judge Boggs' assignment to and hearing of this matter." <u>See</u> Dkt. # 5, Ex. 4. The state appellate court also determined that Petitioner had not "established plain error or substantial evidence of trial court bias, which might warrant an appropriate remedy even though not properly raised as an independent claim of judicial bias." <u>Id.</u> (citations omitted).

"A fair trial in a fair tribunal is a basic requirement of due process." <u>In re Murchison</u>, 349 U.S. 133, 136 (1955). "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias. A judge must recuse himself if sufficient

factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (citation and internal quotation marks omitted). But adverse rulings cannot in themselves support a charge of judicial bias, see id., and "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification," Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). In addition, "[a]lthough a judge's remarks during the course of a trial may be 'critical,' 'disapproving,' or 'hostile' to a party, usually they will not support a partiality charge." Nickl, 427 F.3d at 1298 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Petitioner has the burden to overcome the presumption of impartiality. Bracy v. Gramley, 520 U.S. 899, 909 (1997); Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir.1994).

Petitioner has not offered any evidence of either actual bias or an appearance of bias by Judge Boggs. As a result, he has failed to overcome the presumption of impartiality. He has failed to demonstrated that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### b. Violation of "20 day" rule governing revocation hearings (ground 6)

In ground six, Petitioner alleges that the State violated the "20-day" rule governing revocation hearings under Okla. Stat. tit. 22, § 991b(A). As a result, Petitioner claims that the state district court lost jurisdiction to revoke his suspended sentence. See Dkt. # 1. On revocation appeal, the OCCA ruled as follows:

> Appellant waived the right to a revocation hearing within twenty (20) days after the entry of his plea of not guilty to the motion to revoke. 22 O.S.Supp.2005, § 991b(A); *Yates v. State*, 1988 OK CR 179, ¶¶ 1-2, 761 P.2d 878, 879; *Coursey v. State*, No. F.2001-84 (Okl.Cr. March 8, 2002) (not for publication). Appellant began

9

> requesting continuances within one week after the entry of his plea of not guilty. The record is devoid of any objections to the continuances or any challenges to the trial court's jurisdiction in this case. *Yates*, 1988 OK CR 179 at ¶ 4-5, 761 P.2d at 879.

(Dkt. # 5, Ex. 4).

To the extent Petitioner claims that the state courts erred in applying state law, the claim shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's sixth claim, insofar as it is based on violation of Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

To be entitled to habeas corpus relief, a petitioner must show that the violation of state law resulted in a denial of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180. In this case, the Court finds that Petitioner was not deprived of due process during revocation proceedings. See Beresovoy v. Andrews, 141 F.3d 1184, 1998 WL 161071 (10th Cir. 1998) (unpublished). The delay in the hearing date resulted from Petitioner's own actions in requesting continuances. Petitioner has failed to demonstrate entitlement to habeas corpus relief based on an alleged due process violation.

### c. Ineffective assistance of counsel at revocation hearing (ground 7)

10

As his seventh proposition of error, Petitioner claims that his attorney provided ineffective assistance when he "completely abandoned his role as advocate in the case." On revocation appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668 (1984), and ruled as follows:

> [Petitioner] basically claims his counsel was ineffective for failing to challenge the sufficiency of the evidence in this case. If it is easier to dispose of an ineffectiveness claim on the ground of lack of merit or sufficient prejudice, that course should be followed. *Strickland*, 466 U.S. at 607. Certified copies of the Judgment and Sentence and Docket in Case No. CM-2003-481 were introduced as evidence, which established that Appellant violated the condition of probation that he not commit a crime and that the Judgment and Sentence was final. *Pickens v. State*, 1989 OK CR 58, 779 P.2d 596. Counsel's questioning Appellant about his identity was not ineffective, as Appellant was identified several times during these revocation proceedings, particularly at the hearing on May 31, 2005.

(Dkt. # 5, Ex. 4).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he demonstrates that the OCCA's adjudication of his claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must

11

show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner has failed to establish that the OCCA unreasonably applied Strickland in denying this claim on revocation appeal. The introduction of certified copies of the Judgment and Sentence and Docket in Case No. CM-2003-481 established that Petitioner violated the condition of probation that he not commit a crime and that the Judgment and Sentence was final. Petitioner's claim that counsel provided ineffective assistance in failing to challenge the sufficiency of the evidence supporting the revocation of his suspended sentence is patently without merit. Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel.

### d. Abuse of discretion in revoking sentence in full (ground 8)

As his eighth proposition of error, Petitioner complains that the trial court abused its discretion in revoking his sentence in full resulting in an excessive sentence. See Dkt. # 1. Petitioner raised this claim on revocation appeal. Although the OCCA did not specifically address the claim, the decision to deny relief is nonetheless entitled to deference. See Aycox, 196 F.3d at 1177 (finding that deference under § 2254(d) is owed to the state court's result, even if its reasoning is not expressly stated).

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. A federal habeas court affords

"wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on his conviction for Assault With a Deadly Weapon was twenty (20) years. See Okla. Stat. tit. 21, § 652 (2001). Petitioner's sentence of five (5) years was well within the statutory range allowed by Oklahoma law. Therefore, he is not entitled to habeas corpus relief on this claim.

### e.  Cumulative error (grounds 9 and 12)

As his ninth proposition of error, Petitioner alleges that the cumulative effect of trial errors deprived him of a fair trial. See Dkt. # 1. On revocation appeal, the OCCA rejected this claim, citing Clayton v. State, 892 P.2d 646, 657 (Okla. Crim. App. 1995), and finding that "where no individual errors are established in a case, there should not be any accumulations of errors." See Dkt. # 5, Ex. 4. Petitioner raised a similar claim in his post-conviction appeal. The OCCA denied relief, finding the claim had been or could have been raised earlier. See Dkt. # 5, Ex. 8.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims as raised on revocation appeal, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's cumulative error

claim was not an unreasonable application of federal law. Petitioner is not entitled to relief on his claims of cumulative error. 28 U.S.C. § 2254(d).

### f. Ineffective assistance of revocation appeal counsel (ground 10)

In ground 10, Petitioner alleges that his revocation appeal counsel provided ineffective assistance in failing to raise his post-conviction claims during the revocation appeal. The OCCA adjudicated this claim as part of Petitioner's post-conviction appeal. The OCCA denied relief, finding as follows:

> This proposition is flawed as Petitioner himself acknowledges that his Propositions Five through Nine were in fact raised within his revocation appeal. Additionally, as the scope of review in a revocation appeal "is limited to the validity of the revocation order" and cannot challenge "[t]he validity of the predicate conviction," Petitioner's appellate counsel was prohibited from raising in the revocation appeal those claims asserted in Petitioner's Propositions One, Three, Four, and Eleven. Because those claims would be deemed meritless if raised within the context of a revocation appeal, allegations that appellate counsel did not raise them does not provide proof of ineffective assistance.

(Dkt. # 5, Ex. 8 (footnotes omitted)).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively

unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

As explained by the OCCA, the scope of review in a revocation appeal is limited to the validity of the revocation order. An appellant is prohibited under state law from challenging the validity of the underlying conviction in a revocation appeal. See Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*. As a result, the OCCA would have undoubtedly denied relief on the omitted claims since they are challenges to the validity of the convictions entered in Case No. CF-2001-235. Therefore, counsel's decision to omit the issues was not objectively unreasonable. Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel.

## *CONCLUSION*

Upon careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner's claims 1-4 and 11 are barred by the statute of limitations. He has failed to demonstrate entitlement to habeas corpus relief under 28 U.S.C. § 2254(d) as to claims 5-10 and 12. The petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

DATED THIS 14th day of December 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma